### LEVY v. WILCOX et al.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

MONEY RECEIVED (§ 18*)—EVIDENCE.

> Where, in an action for money had and received, defendant conceded his liability to plaintiff on the first cause of action, and the evidence and the probabilities pointed very strongly to the existence of an agreement claimed by plaintiff in the second cause of action, and conclusively established that defendant had collected a specified sum, a judgment for defendant on both causes of action will be reversed.

> Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 70–72; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Morris Levy against Ransom E. Wilcox and another, doing business under the firm name and style of Wilcox & Shelton. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Albert T. Scharps, of New York City (Oswald N. Jacoby, of New York City, of counsel), for appellant.

William O. Gantz, of New York City, for respondents.

SEABURY, J. Plaintiff sues upon two causes of action for money had and received. The evidence shows that the plaintiff was the owner of a second mortgage upon property owned by one Underhill. The plaintiff claimed that Underhill made an agreement with him, whereby the defendants were appointed agents to collect the rent of the premises for the month of February, 1912.

Notwithstanding that the defendants conceded that they were liable to the plaintiff upon the first cause of action alleged for $14.67,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the court below awarded judgment for the defendants. As to the second cause of action alleged, there was a conflict in the evidence as to whether or not the defendants were to collect the rents for the plaintiff for the month of March, 1912. We think that the evidence, as well as the probabilities of the case, point very strongly to the fact that such an agreement was made. The evidence convincingly established that the defendants collected $348 as rent for the month of March, 1912, and that their disbursements in managing the property amounted only to $107.12.

Under the circumstances disclosed, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.